```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON
```

**TREVOR LITTLE**,

    **Movant**,

v.                                       **CASE NO. 2:95-cr-00198-02**
                                          **CASE NO. 2:10-cv-00978**

**UNITED STATES OF AMERICA**,

    **Respondent**.

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (docket # 642, "Motion"). Movant, Trevor Little ("Defendant"), is serving a sentence of life imprisonment, upon his conviction by a jury of various drug trafficking crimes.

Defendant's direct appeal was unsuccessful. United States v. Little, No. 96-4586, 1997 WL 563148 (4th Cir. Sept. 11, 1997), cert. denied, 522 U.S. 1140 (Feb. 23, 1998). His first § 2255 Motion was denied. (Judgment Order entered September 30, 1999, # 374.) Movant filed a motion to alter or amend judgment, which was also denied (# 376). Movant's appeal from the denial of his § 2255 motion and his motion to alter or amend was dismissed. United States v. Little, No. 99-7489, 2000 WL 201575 (4th Cir. Feb. 22, 2000), cert. denied, 531 U.S. 1101 (Jan. 8, 2001). Movant has filed a variety of other motions, which have been unsuccessful.

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the motion and all related materials shall be examined promptly, and if it plainly appears from the face of the motion that the movant is not entitled to relief, the court shall order its summary dismissal and cause the movant to be notified.

The basis for Defendant's instant § 2255 motion is the enactment of The Fair Sentencing Act of 2010, which was signed into law by the President on August 3, 2010.  The undersigned will disregard Defendant's reliance on The Fairness in Cocaine Sentencing Act of 2009 because it was not enacted.  The Fair Sentencing Act of 2010 contains no provision for retroactive application.  Defendant refers to a "memorandum attached," but the Clerk did not receive such a document.

The undersigned proposes that the presiding District Judge **FIND** that document # 642 is a successive section 2255 motion, in that he is attempting to attack his sentence, based on The Fair Sentencing Act of 2010, which has no provision which applies to him. Title 28, United States Code, Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Similarly, Rule 9 of the Rules Governing Section 2255 Motions states, "Before presenting a second or successive motion, the moving party must obtain an

order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8." Paragraph 8 of § 2255 requires a second or successive motion to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Defendant's document contains neither newly discovered evidence nor a new rule of constitutional law.

The undersigned proposes that the presiding District Judge **FIND** that Defendant has not received authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive petition. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Defendant's section 2255 motion (# 642).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of

objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney, Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Defendant and to counsel of record.

<u>September 14, 2010</u>
      Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge

4