IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TREVOR LITTLE,

           Movant,

v.

           CIVIL ACTION NO. 2:10-cv-00978
           (Criminal No. 2:95-cr-00198-02)

UNITED STATES OF AMERICA,

           Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending are pro se Movant Trevor Little's motion to amend or alter judgment [ECF 666], motion to amend his motion filed under 28 U.S.C. § 2255 [ECF 691], motion for an evidentiary hearing on his § 2255 motion [ECF 692], and motion to amend his motion to alter judgment [ECF 717]. For the reasons that follow, the Court **DENIES** all four motions.

I.    BACKGROUND

Movant is a seasoned *pro se* litigant who has filed numerous motions in this Court and the Court of Appeals for the Fourth Circuit, and who is a frequent correspondent with the District Court's Clerk. In pertinent part, his litigation history is as follows:

In July 1996, following his conviction by jury of offenses relating to distribution of cocaine base, the late and former Chief Judge Charles H. Haden sentenced Movant to three life terms of imprisonment on three counts of conviction and a five-year term on a fourth count, all to

be served concurrently. Movant appealed his conviction and sentence raising a litany of arguments including a due process challenge to the failure of his indictment to allege specific drug quantities. The Court of Appeals for the Fourth Circuit affirmed the judgment of the Court in an unpublished per curium decision, *United States v. Little*, 122 F.3d 1064 (4th Cir. 1997). Movant filed a petition for rehearing *en banc*, which was denied. Movant sought a writ of certiorari to the Supreme Court, which was also denied.

In February 1999, Movant filed his first motion to vacate his sentence pursuant to 28 U.S.C. § 2255. There, Movant asserted various allegations of ineffective assistance of counsel. The motion did not, however, raise the issue of the lack of drug quantity in the indictment. The Court denied Movant's § 2255 motion in September 1999. In October 1999, Movant filed a motion to alter or amend the judgment denying his § 2255, pursuant to Rule 59 of the Federal Rules of Civil Procedure. The Court denied that motion, too. The Fourth Circuit dismissed Movant's appeal of the Court's Order in *United States v. Little*, 205 F.3d 1335 (4th Cir. 2000). A petition for rehearing *en banc* was also denied. Movant sought a writ of certiorari to the Supreme Court, which was also denied.

In March 2001, Movant filed a motion for relief from judgment, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. This motion concerned the denial of a certificate of appealability as to Movant's prior habeas appeal. Movant appealed the Court's denial of this motion and in August 2001, the Fourth Circuit dismissed Defendant's appeal. *United States v. Little*, 15 Fed. App'x. 167 (4th Cir. 2003).[1]

---

[1] These motions were addressed, perhaps erroneously, by the Court as motions under Rule 35 of the Federal Rules of Criminal Procedure and were not characterized as unauthorized successive § 2255 motions.

In August and November 2002, Movant filed two motions to correct his sentence under Rule 35 of the Federal Rules of Criminal Procedure, both of which the Court denied. The Court's judgment was affirmed in *United States v. Little*, 68 Fed. App'x. 518 (4th Cir. July 17, 2003).

In June 2006, Movant filed a motion challenging the Court's order requiring him to pay his fine through the Inmate Financial Responsibility Program. He appealed the Court's denial of his motion, but the Fourth Circuit affirmed the Court's judgment in *United States v. Little*, 267 Fed. App'x. 278 (4th Cir. Feb. 28, 2008).

Movant has filed several unsuccessful motions pursuant to 18 U.S.C. § 3582(c) seeking retroactive application of the 2007 revised cocaine base sentencing guidelines. The Court denied all of these motions. Movant was ineligible for a reduction because his original offense level under the United States Sentencing Guidelines was a Level 48, which yields a sentencing range of life in prison, and a two-level reduction would yield the same sentencing range, that is, life in prison. The Fourth Circuit affirmed the Court's judgments in *United States v. Little,* 319 Fed. App'x. 278 (4th Cir. 2009) and *United States v. Little,* 319 Fed. App'x. 278 (4th Cir. 2012).

In August 2010, Movant filed a motion for resentencing under the "Fairness in Cocaine Sentencing Act of 2009" and the "Fair Sentencing Act of 2010", which the Court denied because Movant failed to obtain a certificate of appealability from the court of appeals." [2]    Also, in

---

[2]    The Fairness in Cocaine Sentencing Act of 2009, proposed legislation that aimed to eliminate increased mandatory minimum penalties for cocaine base offenses, was never enacted by Congress. H.R. 1459--111th Congress: Fairness in Cocaine Sentencing Act of 2009. The bill was introduced on March 12, 2009, but died in committee. H.R. 2242--112th Congress: Fairness in Cocaine Sentencing Act of 2011. The would-be law was re-introduced on June 20, 2011, but met the same fate as the 2009 bill.

The Fair Sentencing Act ("FSA"), however, did become law. The FSA became effective on August 30, 2010. The FSA increased the quantity of crack cocaine necessary to trigger certain mandatory minimum sentences

3

August 2010, Movant filed another motion under 18 U.S.C. § 2255, which was, at a minimum, his second-in-time § 2255. (ECF 642.) By Standing Order entered August 1, 2006, and filed in this case on August 4, 2010, this motion was referred to former United States Magistrate Mary E. Stanley for submission of proposed findings and a recommendation ("PF&R"). On September 14, 2010, Magistrate Judge Stanley issued a PF&R recommending that the Court dismiss Movant's § 2255 motion because the motion was a successive § 2255 motion and Movant had failed to obtained a certificate of appealability from the Fourth Circuit (ECF 647). On August 1, 2011, the Court overruled Movant's objections to the PF&R, adopted the PF&R, denied Movant's remaining motions, and dismissed the case. (ECF 664.)

On August 10, 2011, Movant timely filed the pending motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to amend or alter the Court's August 1, 2011, judgment [ECF 666]. This motion was referred to Magistrate Judge Stanley for a PF&R. On June 20, 2012, Magistrate Judge Stanley filed her PF&R recommending that the Court deny Movant's motion to amend the Court's August 1, 2011, judgment. (ECF 693.) Coincidentally, also on June 20, 2011, Movant filed the pending motion to amend his § 2255 motion [ECF 691] and motion for an evidentiary hearing [ECF 692]. (In light of the fact that the PF&R was filed the same date as these motions, these two motions were not referred to Magistrate Judge Stanley). On July 17,

---

under 21 U.S.C. § 841(b)(1). *See* Pub. L. No. 111–220, 124 Stat. 2372 (amending, *inter alia*, 21 U.S.C. § 841). The FSA replaced the 100-to-1 crack-to-powder cocaine ratio under 21 U.S.C. § 841with an 18-to-1 ratio. Under the previous version of § 841(b)(1), a defendant who had been convicted of a prior felony crack cocaine offense faced a mandatory minimum ten-year sentence for possession of at least five grams of crack cocaine and a minimum twenty-year sentence for possession of at least fifty grams of crack cocaine. *See* 21 U.S.C. § 841(b)(1)(A)–(B) (2006). The FSA raised the amounts necessary to trigger these ten- and twenty-year mandatory minimum sentences from 5 grams to 28 grams, and 50 grams to 280 grams, respectively. Consequently, defendants convicted of possessing relatively small amounts of crack cocaine now face shorter sentences. *See* Pub. L. No. 111–220, 124 Stat. 2372.

2013, Defendant filed a motion to amend his motion to amend or alter the § 2255 judgment [ECF 717].

## II. APPLICABLE LAW

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo review and Movant's right to appeal this Court's Order. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections were due on July 9, 2012. Movant filed timely objections to the PF&R on July 5, 2012 (ECF 696). Thus, the Court will conduct a de novo review of those portions of the PF&R to which Movant lodged objections.

## III. DISCUSSION

### A. The PF&R

In the PF&R, the magistrate judge observes that Defendant's Rule 59(e) motion requests that the Court find that authorization by the court of appeals for this Court to consider Defendant's substantive challenge to the FSA is not necessary. The PF&R, however, does not analyze whether Defendant's request is in the first instance properly made before this Court. Rather, the PF&R states that "[e]ven if the [M]ovant could overcome the procedural bar of his motion being an unauthorized successive section 2255 motion, it is apparent that he is not entitled to any relief under section 2255 because the statutory amendments under the FSA are not retroactively applicable, and he is ineligible for any sentence modification or reduction under section 3582 based on the guideline amendments." (ECF 693 at 3.) The magistrate judge

5

recommended that the Court find that there was no basis to vacate, set aside, or correct Movant's sentence and, therefore, no basis to alter or amend the Court's August 1, 2011 judgment. (*Id.*)

  *B.*  *Movant's Objections*

Movant's objections to the PF&R are lengthy, and, at times, are difficult to discern. They cite authority that is invalid or inapplicable to his motion. Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). For the reasons that follow, the Court rejects Movant's contentions.

  *C.*  *Motion to Amend or Alter Judgment under Rule 59(e)*

As a threshold matter, the Court finds that Movant's motion to amend or alter judgment is a true Rule 59(e) motion and not an unauthorized successive § 2255 motion. This finding is founded on the Court's view that the motion appears to contend that the Court misapplied legal standards in arriving at its conclusions in its August 1, 2011, Order that Movant's § 2255 was procedurally barred. First, Movant contends the Court's Order is erroneous because it misapplied case authority, namely, *United States v. Bullard*, 645 F.3d 237 (4th Cir. 2011), in holding that the FSA was not retroactive legislation. More specifically, Movant contends *Bullard* is factually distinguishable from his case and, thus, the Court erred in extending *Bullard's* holding to him. Second, Movant argues that the Court "is under the impression that any § 2255, and § 2254, motion filed after an initial one lacks subject matter jurisdiction." (ECF 666 at 3.) Neither of these claims seek to add a new ground for relief nor do either attack the Court's previous resolution of a claim on the merits, but rather "merely assert[ ] that a previous ruling which precluded a merits determination was in error. . . ." *Gonzalez v. Crosby,* 545 U.S.

545, 532 & n.4 (2005) (holding that "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction. A motion that, like petitioner's, challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to [28 U.S.C.] § 2244(b)(3)."); *see also In re Nailor*, 487 F.3d 1018, 1022–23 (6th Cir. 2007) (expanding *Gonzalez* to § 2255 cases); *United States v. Winestock*, 340 F.3d 200, 206–07 (4th Cir. 2003) (finding that where Winestock's motion challenged the district court's finding that his prior 28 U.S.C. § 2255 filing was untimely, Winestock's motion did not directly attack his conviction or sentence; rather, the motion asserted a defect in the collateral review process and, thus, constituted a true Rule 60(b) motion); *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (finding that petitioner's claims attacking validity of his conviction constituted a unauthorized and successive § 2255, but that his contention that the district court erred by refusing to permit additional briefing was a proper subject of a Rule 60(b) motion); *Peach v. United States*, 468 F.3d 1269, 1272 (10th Cir. 2006) (finding that Peach's argument that the district court erred by not addressing his ineffective assistance of counsel claim did not challenge the merits of his underlying § 2255 motion and thus, the district court had jurisdiction to adjudicate that claim under Rule 60(b)). While the foregoing authorities concern Rule 60(b) motions, the Court's research shows that cases from the Fourth, Fifth, Eighth, and Tenth Circuits apply *Gonzalez* to Rule 59(e) motions. *See Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir 2010); *United States v. Pedraza*, 466 F.3d 932, 933-34 (10th Cir. 2006); *Williams v. Norris*, 461 F.3d 999, 1004 (8th Cir. 2006); *United States v. Martin*, 132 F. App'x. 450, 451 (4th Cir. 2005) (unpublished).

Having determined that Movant's motion is, at least on its face, a true Rule 59(e) motion, the Court will now address the merits of the Rule 59 motion.

1.   *Rule 59(e) Standard*

Rule 59(e) of the Federal Rules of Civil Procedure provides: "A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." The Fourth Circuit recognizes three grounds for amending an earlier judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081–81 (4th Cir. 1993). Relief granted under a Rule 59(e) motion is an extraordinary remedy and should be used sparingly. *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998).

2.   *Movant's Objections Are Meritless Because, Contrary to His Assertions, His Rule 59(e) Motion Does Not Concern An Intervening Change in Law within The Meaning of the Rule*

Movant's motion was filed within Rule 59(e)'s twenty-eight-day limit and, thus, was timely filed. Defendant claims that his motion is proper because the statutory amendments to the FSA constitute an intervening change of law. He also argues that he did not have to seek a certificate authorizing this Court to consider a successive § 2255.

Movant's objections are meritless. The Court's August 1, 2011, dismissal of Defendant's § 2255 was based on Defendant's failure to obtain a certificate from the court of appeals authorizing the Court to consider the § 2255 motion as required by § 2255(h) and Rule 9 of the Rules Governing § 2255 Proceedings. He now contends that he is entitled to have that judgment altered or amended based on an intervening change in the law, that is, the FSA, which became

8

effective August 30, 2010. Because the FSA pre-dated the Court's August 1, 2011, Order, by almost a full year, the FSA was simply not intervening law within the meaning of Rule 59(e)— it did not fall in time between the Court's Order and the filing of Movant's Rule 59(e) motion. Movant's motion, is, thus, in the end, just another vexatious attempt to circumvent the prohibition contained in 28 U.S.C. § 2255(h) on filing successive § 2255 motions. Moreover, were the Court to reach the merits of Movant's claims, they would undoubtedly fail because the FSA is not retroactive and Movant would not be entitled for a sentencing reduction under 18 U.S.C. § 3582(c).

### 3. *Defendant's Remaining Motions Are Also Meritless*

The Court **DENIES** Movant's motion under Federal Rule of Civil Procedure 15(a) to amend his § 2255 motion [ECF 691] as untimely. This motion was filed ten months after the Court filed its August 1, 2011, Order adopting the PF&R and dismissing Movant's § 2255 motion. Although leave to amend a pleading should be given freely given when justice so requires, justice does not so require here because, for the reasons stated herein, Movant's motion is meritless.

The Court **DENIES** Movant's motion for an evidentiary hearing [692] because such a hearing is not warranted.

The Court also **DENIES** Defendant's motion under Federal Rule of Civil Procedure 15(a) to amend motion to alter judgment [717]. Rule 15(a) permits amendments of pleadings and, thus, is inapplicable to the Movant's motion to alter judgment. Moreover, were the Court to reach the merits of the motion, it would fail because the United States Supreme Court did not make its ruling in *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013) retroactive on

9

collateral review.  *See Williams v. United States*, No. 2:10–cv–01326, 2014 WL 258631 at *1 (S.D. W. Va. Jan. 23, 2014).

### III.  CONCLUSION

Accordingly, the Court **ADOPTS** the PF&R (ECF 693) to the extent that it is consistent with this Opinion, **DENIES** Movant's motion to amend or alter judgment [ECF 666], **DENIES** the motion to amend his motion filed under 28 U.S.C. § 2255 [ECF 691], **DENIES** the motion for an evidentiary hearing on Movant's § 2255 motion   [ECF 692], and **DENIES** Movant's motion to amend his motion to amend or alter judgment [ECF 717], and **DIRECTS**  the Clerk to remove this action from the Court's docket.

The Court has also considered whether to grant a certificate of appealability.  *See* 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–83 (4th Cir. 2001).  The Court concludes that the governing standard is not satisfied in this instance.  Pursuant to Rule 11(a), Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the

court of appeals under Federal Rule of Appellate Procedure 22. Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 14, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE